IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Mark Jeffrey,<br><br>  Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>  Respondents. | No. CV-13-2448-PHX-JAT (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES SENIOR DISTRICT JUDGE:**

On November 29, 2013, Reginald Mark Jeffrey ("Petitioner") filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1). On July 14, 2014, Respondents filed their Answer (Doc. 13). Petitioner filed a reply on July 30, 2014 (Doc. 14). The matter is deemed ripe for consideration.[1]

The Petition contains two ineffective assistance of counsel ("IAC") claims. In the first claim, Petitioner argues that his trial and appellate counsel failed to challenge the sufficiency of the evidence with respect to the felony underlying Petitioner's felony murder conviction. In the second claim, Petitioner argues that his trial and appellate counsel erred in not arguing that the jury should have been instructed on second degree

---

[1] The case was reassigned to U.S. Magistrate Judge Eileen S. Willett on November 14, 2014.

murder. The Petition is timely, and Petitioner's grounds for habeas relief are not procedurally barred. The undersigned, however, finds that both grounds are meritless.[2] It is therefore recommended that the Petition be denied.

## I. BACKGROUND

Petitioner is currently incarcerated at the Arizona State Prison Complex in San Luis, Arizona. Petitioner is serving 25 years for convictions of the following crimes: (i) felony murder (a class 1 dangerous felony); (ii) two counts of aggravated assault (a class 3 dangerous felony); and (iii) misconduct involving weapons (a class 4 dangerous felony).

### A. Facts Underlying Petitioner's Convictions

Petitioner's convictions arise out of a gun fight that took place at a known crack residence after midnight on December 26, 2006. The gun fight may be traced back to events that began on December 25, 2006, which involved the following three couples: (i) Petitioner and his girlfriend, Alice; (ii) Petitioner's friend, Wes, and Wes's girlfriend, Mary; and (iii) Mary's daughter, Christina, and Christina's fiancé, Luis. The Arizona Court of Appeals recounted the events as follows:

> On December 25, 2006, Mary received a telephone call from Christina (her daughter). Christina indicated that she was having a problem with [Luis] (her fiancé). Mary did not have a car and therefore called her boyfriend (Wes). Wes arrived at Mary's apartment accompanied by [Petitioner]. The three of them left to visit Christina and picked up [Petitioner's] girlfriend on the way. They ultimately met with Christina and began looking for [Luis]. They located [Luis] at an apartment complex near central Phoenix.
>
> Christina, Wes, and Mary went into the apartment to speak with [Luis]; however, [Petitioner] stayed outside and talked with a group of people standing in front of the apartment. After being informed that the police were called, the group left and met at a convenience store approximately one block away. At the store, Mary continued to talk to

---

[2] The record is sufficiently developed and the undersigned does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011); *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

> [Luis] and apparently resolved any conflict. Mary, Wes, [Petitioner], and [Petitioner's] girlfriend then left for a location where they consumed a large amount of alcohol. Shortly thereafter, Wes received a telephone call from Christina. The group then drove to [Luis'] apartment to remove Christina from [Luis'] presence. Wes and [Petitioner], both carrying guns, exited the car and entered the apartment. Inside, [Petitioner] and [Luis] argued, pulled out their guns, and began shooting.[3] [Luis] died of a gunshot wound to the chest.

(Ex. BB at 2-3; Doc. 13-4 at 183-84).[4]

Petitioner and Wes were also shot during the gun fight. Other individuals in the apartment were injured as well. A man named Alfred S. (a.k.a. "Pops") was struck in the head with a gun. (Ex. P at 77; Doc. 13-3 at 335). A woman named Ashley M. suffered gunshot wounds to her foot and buttocks. (Ex. I at 98; Doc. 13-1 at 343). Petitioner was charged and convicted of aggravated assault against these two individuals.

### B. Direct Appeal, State Post-Conviction Relief, and Petitions for Review

On January 8, 2007, the Maricopa County Grand Jury indicted Petitioner for five felony counts:  Count 1: (felony-murder based on the death of Luis when committing or attempting to commit first-degree burglary); Count 2 (burglary in the first degree occurring in a nonresidential structure or a fenced commercial or residence yard); Count 3 (aggravated assault against Alfred S.); Count 4 (aggravated assault against Ashley M.); and Count 5 (misconduct involving weapons). (Ex. B at 1-3; Doc. 13-1 at 10-12).

Petitioner's trial began on June 10, 2008. (Ex. A at 3; Doc. 13-1 at 4). When the State rested its case, Petitioner's counsel moved for a judgment of acquittal on Count 2, arguing that there was no substantial evidence that a burglary occurred within a fenced area as alleged in the indictment. (Ex. O at 87; Doc. 13-3 at 249). Petitioner's counsel

---

[3] Wes testified that at least two other people inside the apartment also fired guns.

[4] Citations to pages within exhibits to Respondents' Answer (Doc. 13) are referred to by exhibit number and also by the page numbers assigned by the Clerk of Court when filed on July 14, 2014. For example, Exhibit A to Respondents' Answer is filed as Document 10-1. A citation to a page within Exhibit A would appear as (Ex. A at __; Doc. 10-1 at __).

also moved for judgment of acquittal on Count 1 (felony murder), arguing that Count 2 is the underlying predicate felony. (Ex. P at 51; Doc. 13-3 at 309). The trial court granted the motion as to Count 2, but denied the motion as to Count 1.[5] (*Id*.). On July 2, 2008, the jury found Petitioner guilty of Counts 1, 3, and 4. (Ex. Q at 2-3; Doc. 13-4 at 5-6). As to Count 5, the trial judge found Petitioner guilty of the crime of misconduct involving weapons. (Ex. Q at 8; Doc. 13-4 at 11).

Following his 2008 convictions, Petitioner appealed to the Arizona Court of Appeals. (Ex. Y; Doc. 13-4 at 103). Petitioner's appellate counsel asserted that Count 2 was the only noticed predicate felony supporting the felony murder charge. (Ex. Y at 15; Doc. 13-4 at 123). Since Count 2 was dismissed, Petitioner's appellate counsel argued that it follows that Count 1 (felony murder) should be dismissed as well. Petitioner's appellate counsel also challenged Petitioner's sentence as to Count 5. (Ex. Y at 20; Doc. 13-4 at 128).

In its July 22, 2010 decision, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences for Counts 1, 3, and 4, but vacated Petitioner's sentence for Count 5 and remanded for resentencing. (Ex. BB; Doc. 13-4 at 182). On May 10, 2011, the Arizona Supreme Court denied review of Petitioner's appeal. (Ex. EE; Doc. 13-4 at 216). On June 10, 2011, the Arizona Court of Appeals issued the order and mandate. (Ex. FF; Doc. 13-4 at 218). The trial court resentenced Petitioner on August 3, 2011 for Count 5. (Ex. GG; Doc. 13-4 at 221). This sentence was affirmed by the Arizona Court of Appeals on April 3, 2012. (Ex. JJ; Doc. 13-4 at 250).

On May 18, 2011, Petitioner filed a notice of post-conviction relief ("PCR"). (Ex. LL; Doc. 13-4 at 261). The trial court appointed PCR counsel for Petitioner. (Ex. MM; Doc. 13-4 at 265). After PCR review, Petitioner's counsel did not find any claims to raise in PCR proceedings. (Ex. NN; Doc. 13-4 at 268). Petitioner filed his pro se PCR petition on November 18, 2011, raising two claims asserting that Petitioner's trial and

---

[5] The court was persuaded by the State's argument that the underlying predicate burglary felony was separately contained in Count 1. (Ex. W at 3; Doc. 13-4 at 88).

- 4 -

appellate counsel were ineffective for failing to argue that: (i) the State had not met its burden of proof as to the predicate burglary felony and (ii) the jury should have been instructed on second-degree murder. (Ex. OO; Doc. 13-4 at 272-81). On February 14, 2012, the trial court dismissed the PCR petition. (Ex. RR; Doc. 13-4 at 313-14).

After the trial court's denial of PCR relief, Petitioner filed a petition for review with the Arizona Court of Appeals. (Ex. SS; Doc. 13-4 at 316). On August 9, 2013, the Court denied the petition for review. (Ex. UU; Doc. 13-4 at 350). The Court of Appeals issued its order and mandate on September 24, 2013. (Ex. VV; Doc. 13-4 at 352). On November 29, 2013, Petitioner timely filed the Petition seeking habeas relief.

## II. FEDERAL HABEAS LAW

In reviewing the merits of a habeas petitioner's claims, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires federal courts to defer to the last reasoned state court decision. *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014); *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013). To be entitled to relief, a state prisoner must show that the state court's adjudication of his or her claims either:

1. [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *see also, e.g., Woods*, 764 F.3d at 1120; *Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2010); *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

As to the first entitlement to relief explained above, "clearly established federal law" refers to the holdings of the U.S. Supreme Court's decisions applicable at the time of the relevant state court decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). A state court decision is "contrary to" such clearly established federal law if the state court (i) "applies a rule that contradicts the governing law set forth in [U.S. Supreme Court] cases" or (ii) "confronts a set of facts that are

materially indistinguishable from a decision of the [U.S. Supreme Court] and nevertheless arrives at a result different from [U.S. Supreme Court] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

As to the second entitlement to relief explained above, factual determinations by state courts are presumed correct unless the petitioner can show by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see also Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). That is, a state court's determination that a claim lacks merit precludes federal habeas relief so long as "fair-minded jurists could disagree" on the correctness of the state court's decision. *Richter*, 562 U.S. at 101; *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

### III. ANALYSIS OF THE PETITION

#### A. Proving IAC Under *Strickland v. Washington*, 466 U.S. 668 (1984)

Respondents do not argue, and the undersigned does not find, that Petitioner's claims are untimely or procedurally barred. The undersigned will thus evaluate the merits of Petitioner's claims. The "clearly established federal law" for an IAC claim is the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*, a petitioner arguing an IAC claim must establish that his or her counsel's performance was (i) objectively deficient and (ii) prejudiced the petitioner. *Strickland*, 466 U.S. at 687. This is a deferential standard, and "[s]urmounting *Strickland's* high bar is never an easy task." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). In the habeas context, the issue is whether there is a "reasonable argument that counsel satisfied *Strickland's* deferential standard, such that the state court's rejection of the IAC claim was not an unreasonable application of *Strickland*. Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 746 F.3d 418, 465-66 (9th Cir. 2014) (internal quotation marks and citation omitted).

In assessing the performance factor of *Strickland's* two-part test, judicial review

1 "must be highly deferential" and the court must try not "to second-guess counsel's
2 assistance after conviction." *Clark*, 769 F.3d at 725 (internal quotation marks and
3 citation omitted). To be constitutionally deficient, counsel's representation must fall
4 below an objective standard of reasonableness such that it was outside the range of
5 competence demanded of attorneys in criminal cases. *Id.* A reviewing court considers
6 "whether there is any reasonable argument" that counsel was effective. *Rogovich v.*
7 *Ryan*, 694 F.3d 1094, 1105 (9th Cir. 2012).

8 To establish the prejudice factor of *Strickland's* two-part test, a petitioner must
9 demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the
10 result of the proceeding would have been different. A reasonable probability is a
11 probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at
12 694. In other words, it must be shown that the "likelihood of a different result [is]
13 substantial, not just conceivable." *Richter*, 562 U.S. at 112.

14 Although the performance factor is listed first in *Strickland's* two-part test, a court
15 may consider the prejudice factor first. In addition, a court need not consider both factors
16 if the court determines that a petitioner has failed to meet one factor. *Strickland*, 466
17 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of
18 sufficient prejudice, which we expect will often be so, that course should be followed.");
19 *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both
20 deficiency and prejudice if the habeas petitioner cannot establish one or the other).

21 **B. Ground One: Alleged IAC for Failure to Challenge Sufficiency of the Evidence Regarding the Predicate Burglary Felony**
22
23 In Ground One, Petitioner alleges that:
> Ineffective assistance of trial counsel, appellate counsel for
24 > not arguing that the State failed to meet its burden of proof
> beyond a reasonable doubt of the predicate felony burglary
25 > with intent to steal drugs and/or money from the victim.
> Violations of the Sixth and Fourteenth Amendments United
26 > States Constitution.
27 (Doc. 1 at 6).
28
The last reasoned state court decision on the above claim is the February 14, 2012

1  Maricopa County Superior Court ruling dismissing Petitioner's PCR petition.  (Ex. RR;
2  Doc. 13-4 at 313-14).  The ruling incorporated by reference the State's analysis in its
3  response to Petitioner's PCR petition, in which the State concluded that Petitioner's IAC
4  claim fails *Strickland's* two-part test.  For the following reasons, Petitioner's Ground One
5  claim is meritless as the state court's rejection of Petitioner's IAC claim was not an
6  unreasonable application of *Strickland*.  *See Murray*, 746 F.3d at 465-66.

### 1. Petitioner's Trial Counsel

Petitioner asserts that the State failed to prove the intent element of the predicate burglary felony and that his trial counsel was ineffective for not arguing the same. (Doc. 14 at 2).  Contrary to Petitioner's contention, Petitioner's trial counsel did argue that the State failed to meet its burden of proof with respect to the predicate burglary felony.  For example, during closing argument, Petitioner's attorney stated to the jury: "[Petitioner and Wes] weren't going up [to the apartment] to do a rip," "[t]hey weren't going up there to do anything," and "[t]here was no crime plan."  (Ex. P at 90-91; Doc. 13-3 at 348-49). Petitioner's counsel also argued to the jury that "the evidence in this case does not establish what happened beyond a reasonable doubt.  It clearly does not establish beyond a reasonable doubt that [Petitioner] committed any of the crimes charged."  (Ex. P at 123; Doc. 13-3 at 381).

In addition, when the State rested its case, Petitioner's trial counsel moved for a judgment of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure as to Count 2 (first degree burglary).  (Ex. O at 87; Doc. 13-3 at 249).  Petitioner asked that "the Court enter judgment of acquittal because there's no substantial evidence to warrant a conviction as to Count 2, which alleges that the defendant entered or remained unlawfully in a residential yard.  There was absolutely no testimony that this was a fenced yard."  (*Id*.).  Petitioner's counsel then presented a Rule 20 motion as to Count 1, arguing that "Count 1 is charged as a felony murder and is therefore dependent on the underlying felony.  If the underlying felony was not committed, then Count 1 fails with it. In addition, as the Court is aware, there is no lesser . . . included offense to felony

murder." (Ex. O at 92; Doc. 13-3 at 254). The trial court granted the Rule 20 motion as to Count 2, but denied it as to Count 1. (Ex. P at 51; Doc. 13-3 at 309).

After the jury's verdicts, but before sentencing, Petitioner's trial counsel filed a motion for a new trial and renewed Rule 20 motion, again arguing that the State had not presented sufficient evidence to support the predicate burglary felony. (Ex. R, Ex. S; Doc. 13-4 at 14-22). Petitioner's counsel argued that "[the State] never alleged the manner in which they proved first degree burglary." (Ex. W at 3; Doc. 13-4 at 88). The trial court denied Petitioner's motions, explaining that "it is an interesting issue for the Court of Appeals." (Ex. W at 3-4; Doc. 13-4 at 88-89).

Petitioner disagrees with the arguments his trial counsel presented in the Rule 20 motions and motion for new trial, stating that "[t]rial counsel's arguments were a technical issue if the predicate felony was dismissed based upon the wording, "fenced area," then there was no felony murder." (Doc. 14 at 5). Petitioner asserts that counsel should have instead challenged the lack of evidence as to Petitioner's "intent to steal money or drugs." Yet a "defendant's disagreement with trial counsel's strategy does not constitute deficient performance on the part of trial counsel." *See Murray*, 746 F.3d at 457. Petitioner has failed to show how trial counsel's performance fell below a standard of reasonableness under prevailing professional norms. *Clark*, 769 F.3d at 725. Petitioner therefore does not meet the first prong of the *Strickland* test.

Moreover, Petitioner has failed to show how trial counsel's argument prejudiced Petitioner. In its decision affirming Petitioner's convictions, the Arizona Court of Appeals found that:

> The State presented substantial evidence that [Petitioner] committed a burglary and that Victim was killed in furtherance of this act. The State's opening statement and closing argument made no mention of [Petitioner] entering a fenced area. Instead, the State argued that [Petitioner] planned on taking drugs and/or money from Victim. Mary testified that Victim dealt drugs from that apartment. [Petitioner] stated that Victim 'would be an easy rip' and that 'he was going to shoot some mother F-ers tonight. After [Petitioner's] first interaction with Victim on December 25,

2006, [Petitioner] became agitated and stated 'they don't know me, I will shoot them.'

(Ex. BB at 7; Doc. 13-4 at 188).

Since the Arizona Court of Appeals' found that substantial evidence supported a finding of the intent element in Petitioner's predicate burglary felony, Petitioner has failed to show that there is a substantial likelihood that the Arizona Court of Appeals would have reached a different conclusion had trial counsel made Petitioner's desired argument. Therefore, Petitioner has also failed to establish the prejudice prong of the *Strickland* test.

### 2. Petitioner's Appellate Counsel

On direct appeal, Petitioner's appellate counsel reasserted the argument Petitioner's trial counsel made in the Rule 20 motions. Petitioner's appellate counsel contended that the "only logical reading of the Indictment is that Count 2 was the underlying felony referenced in Count 1. If Count 2 is the underlying noticed predicate felony, an acquittal on Count 2 should result in acquittal in felony murder charge in Count 1." (Ex. AA at 1; Doc. 13-4 at 176). Counsel further argued that "[t]he fact of the matter in this case is that the State chose to charge the sole predicate felony in Count 2. By linking Counts 1 and 2 with its charging decision, an acquittal on Count 2 can only lead to an acquittal of the felony murder count." (Ex. AA at 2; Doc. 13-4 at 177).

Like in the analysis of trial counsel's performance, Petitioner cannot establish that appellate counsel's argument prejudiced Petitioner. Petitioner has failed to show how an argument directly challenging the sufficiency of the evidence would have altered the Arizona Court of Appeals' ultimate determination that there was substantial evidence to support a finding of the predicate felony. Petitioner has also failed to establish that appellate counsel's representation on appeal fell below a standard of reasonableness under prevailing professional norms.

For the foregoing reasons, the undersigned concludes that it was not contrary to, nor an unreasonable application of, *Strickland* for the state court to reject Petitioner's IAC claim contained in Ground One of the Petition. The undersigned therefore

recommends that the Court deny Ground One on the merits.

### C. Ground Two: Alleged IAC for Failing to Challenge the Exclusion of 2nd Degree Murder Instruction to Jury

At trial, the State prosecutor requested the trial judge to instruct the jury on second degree murder and manslaughter. (Ex. P at 55; Doc. 13-3 at 313). The judge denied the prosecutor's request, explaining that there are no lesser included offenses in felony murder. (*Id*.). The prosecutor replied "it never hurts to ask." (*Id*.). In the Petition, Petitioner effectively asserts that his trial counsel should have joined the prosecutor in requesting a second degree murder jury instruction. Petitioner argues:

> Fundamental error not to have given verdict form [and] instructions of 2nd degree murder. Fundamental error of trial Judge not to have given lesser included offense of 2nd degree murder [and] ineffective assistance of trial counsel to request it. It was also ineffective assistance of appellate counsel not to have argued abuse of discre[t]ion of trial Judge not to have given it.

(Doc. 1 at 17).

The last reasoned state court decision on Petitioner's Ground Two claim is the February 14, 2012 Maricopa County Superior Court ruling dismissing Petitioner's PCR petition. (Ex. RR; Doc. 13-4 at 313-14). As mentioned, the ruling incorporated by reference the State's analysis in its response to Petitioner's PCR petition, in which the State concluded that Petitioner's IAC claim fails *Strickland's* two-part test.

An attorney's failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *See Boag v. Raines,* 769 F.2d 1341, 1344 (9th Cir.1985) ("Failure to raise a meritless argument does not constitute ineffective assistance."); *Juan H. v. Allen*, 408 F.3d 1262, 1273-74 (9th Cir. 2005) (finding that decision of a state appeals court was not objectively unreasonable in holding that the performance of counsel did not fall below an "objective standard of reasonableness" on account of not raising a meritless objection). The Arizona Supreme Court has explicitly stated that first degree felony murder has no lesser included offenses. *State of Arizona v. Bocharski*, 22 P.3d 43, 51 (Ariz. 2001). It would therefore have been meritless for

- 11 -

1    Petitioner's trial and appellate counsel to argue that the jury should have been instructed
2    on a non-existent lesser included offense.

3    Moreover, including a second degree murder instruction would have detracted
4    from, rather than enhanced the rationality of the process. *Murray*, 746 F.3d at 452-53
5    ("Where no lesser included offense exists, a lesser included offense instruction detracts
6    from, rather than enhances, the rationality of the process."). This is because Petitioner's
7    defense was that he did not kill anyone, and Petitioner denied even having a gun. (Ex. P
8    at 102, 123; Doc. 10-3 at 360, 381). As arguing for a second degree murder instruction
9    would have contradicted that defense, Petitioner's counsel acted reasonably in not
10   supporting the prosecutor's request for it. *See Butcher v. Marquez*, 758 F.2d 373, 376
11   (9th Cir. 1985) ("Under the *Strickland* test, counsel's strategic choice to forgo an
12   instruction for voluntary manslaughter was reasonable because counsel had good cause to
13   believe that further efforts to obtain such an instruction would harm [the defendant's]
14   case."). Petitioner has failed to establish that his trial counsel's performance fell below
15   an objective standard of reasonableness.

16   In addition, Petitioner has also failed to establish how his trial and appellate
17   counsel's alleged deficient performance caused prejudice. Although Petitioner presents a
18   highly speculative argument that the jury may have convicted Petitioner of second degree
19   murder instead of felony-murder had it been given the option, pure speculation is
20   insufficient to establish prejudice. Petitioner has not shown that there was a "substantial,
21   not just conceivable" likelihood of a different result if the jury had been instructed on
22   second degree murder. *See Richter*, 562 U.S. at 112.

23   For the foregoing reasons, the undersigned concludes that it was not contrary to,
24   nor an unreasonable application of, *Strickland* for the state court to reject Petitioner's
25   IAC claim contained in Ground Two of the Petition. The undersigned therefore
26   recommends that the Court deny Ground Two on the merits.

27                            **IV. CONCLUSION**
28   Based on the foregoing, the undersigned recommends that the Court deny

Petitioner's requests for an evidentiary hearing and the appointment of counsel. The undersigned further recommends that the Court deny and dismiss the Petition (Doc. 1) with prejudice.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's requests for an evidentiary hearing and the appointment of counsel be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right in his claims for relief.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 19th day of March, 2015.

_____
Eileen S. Willett
United States Magistrate Judge