**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Mark Jeffrey,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-13-02448-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (Doc. 1). Magistrate Judge Eileen S. Willett issued a Report and Recommendation ("R&R") recommending that the Court deny the Petition. (Doc. 16). Petitioner has filed objections to the R&R. (Doc. 17).

**I.     Background**

In 2007, Petitioner was indicted with multiple charges, including first-degree felony murder and attempted first-degree burglary. (Doc. 13−1 at 11). These charges originated from a shootout that occurred in a Phoenix apartment. (13−4 at 284). Petitioner was actively involved in the gun-battle, which resulted in the death of a man named Luis. (*Id.*).

The predicate felony for the first-degree murder charge was attempted burglary in the first-degree. (Doc. 13−1 at 11). The attempted burglary charge was grounded in the accusation that Petitioner, with a deadly weapon and the "intent to commit a theft or felony[,] . . . enter[ed] or remain[ed] unlawfully in . . . [a] fenced residential yard." (*Id.*).

Trial by jury began in 2008. (*Id.* at 25). At trial, Petitioner's counsel moved to dismiss the burglary charge, arguing that no evidence established that the crime was committed in a fenced area. (Doc. 13−3 at 308−10). The court agreed and dismissed the charge. (*Id.* at 309). Counsel then moved to dismiss the felony murder charge, claiming that attempted burglary in the first-degree was the predicate felony. The Court declined to dismiss this charge because a felony murder conviction could be based on a different predicate felony. (*Id.*)

The jury found Petitioner guilty of, *inter alia*, first-degree felony murder. (Doc. 13−4 at 5). For this charge Petitioner was sentenced to twenty-five years in prison. (*Id.* at 95). Petitioner appealed his conviction, (*Id.* at 100), which the Arizona Court of Appeals affirmed, (*Id.* at 189−90). Petitioner filed a petition of review with the Arizona Supreme Court, (*Id.* at 194), which was denied, (*Id.* at 216).

Subsequently, Petitioner filed a notice of post-conviction relief in Maricopa County Superior Court. (*Id.* at 261). Petitioner's appointed counsel was "unable to raise any viable issues under" Arizona's Rule 32 habeas corpus statute. (*Id.* at 268). Petitioner proceeded without counsel, and submitted a petition for post-conviction relief making two ineffective assistance of counsel ("IAC") claims. (*Id.* at 273−80). First, Petitioner alleged that his trial and appellate counsel were ineffective for not highlighting the State's failure to meet its burden of proof with regard to the predicate felony of burglary. (*Id.* at 273−76). Second, Petitioner claimed that trial counsel was ineffective for failing to argue for the inclusion of second-degree murder on the verdict form as a lesser included offense. Additionally, Petitioner alleged that appellate counsel neglected to argue that the trial judge abused his discretion in failing to include second-degree murder on the verdict form. (*Id.* at 277−79).

The Maricopa County Superior Court denied the petition for post-conviction relief, adopting the reasoning from the State's Response. (*Id.* at 313−14). Petitioner submitted a petition for review to the Arizona Court of Appeals, (*Id.* at 316), which denied review, (*Id.* at 350).

Petitioner now comes before the Court by way of his Petition for Writ of Habeas Corpus, requesting "[d]ismissal of Count One, Felony Murder or remand for New Trial on Count One, Felony Murder." (Doc. 1 at 21).

## II. Review of Report and Recommendation

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original); *accord* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the . . . [R&R] to which objection is made.").

### A. Habeas Corpus Standard

Petitioner is a state prisoner filing a habeas corpus petition after April 24, 1996, therefore the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies. *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014). Under the AEDPA, the Court may grant a writ of habeas corpus for claims adjudicated on the merits in state courts only if those proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Contrary to" and "unreasonable application of" are not synonymous. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). "A decision is 'contrary to' clearly established Supreme Court case law 'if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result.'" *Id.* (quoting *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003)). "A state court's decision is not 'contrary to . . . clearly established Federal law' simply because

the court did not cite . . . [the Supreme Court's] opinions." *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*)). "[A] state court need not even be aware of . . . [the Supreme Court's] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Id.* A state court's decision must be in "direct and irreconcilable conflict with Supreme Court precedent" to meet this standard. *Murray*, 745 F.3d at 997.

On the other hand, "to satisfy the 'unreasonable application' portion of the first prong, the petitioner must demonstrate that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect but 'objectively unreasonable.'" *Davis v. Woodford*, 384 F.3d 628, 637–38 (9th Cir. 2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). "While Supreme Court precedent is the only authority that is controlling under [the] AEDPA, . . . [the Court] look[s] to Ninth Circuit case law as persuasive authority for purposes of determining whether a particular state court decision is an unreasonable application of Supreme Court law." *Id.* (internal quotation marks omitted) (quoting *Luna v. Cambra*, 306 F.3d 954, 960 (9th Cir. 2002)).

To be clearly established, the law must be the product of the Supreme Court's holding "as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (internal quotation marks omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (*per curiam*) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

State courts are presumed to know and follow the law. *Woodford*, 537 at 24. "Federal habeas review thus exists as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington*, 562 U.S. at 102–03). "This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be

'doubly deferential' in order to afford 'both the state court and the defense attorney the benefit of the doubt.'" *Id.* (quoting *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013)). "The petitioner carries the burden of proof" in establishing that one of the § 2254(d) prongs is satisfied. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citing *Woodford*, 537 U.S. at 24). These rules of deference "ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012).

### B.     Ineffective Assistance of Counsel Standard

The Magistrate Judge determined that Petitioner's claims are timely and are not procedurally barred. (Doc. 16 at 6). Neither party objects. Therefore, the Court adopts the Magistrate Judge's recommendation and will consider the merits of Petitioner's claims.

To establish a valid IAC claim, Petitioner must satisfy two prongs. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Petitioner "must show that counsel's performance was deficient." *Id.* To establish deficiency, Petitioner must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment." *Id.* Such deficiency exists if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. If this showing is made, "[t]he [C]ourt must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Coleman v. Calderon*, 150 F.3d 1105, 1113, *rev'd on other grounds*, 525 U.S. 141 (1998) (quoting *Dyer v. Calderon*, 122 F.3d 720, 732 (9th Cir. 1997)).

Second, Petitioner "must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To establish prejudice, Petitioner must show "that

1  counsel's errors were so serious as to deprive . . . [Petitioner] of a fair trial, a trial whose result is reliable." *Id.* A result is not reliable if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland*, 466 U.S. at 693). Either deficiency or prejudice can be analyzed first; if Petitioner fails to satisfy one prong, the Court need not consider the other. *Strickland*, 466 U.S. at 697.

These standards apply to both trial and appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* (internal quotation marks omitted) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

### C. Ineffective Assistance of Counsel Claims

Petitioner makes two IAC claims against both his trial and appellate counsel. The Magistrate Judge determined that the last reasoned state court decision on these claims is the February 14, 2012, Maricopa Superior Court decision. (Doc. 16 at 8).[1] Neither party objects. Therefore, the Court accepts the Magistrate Judge's recommendation. However, Petitioner does object to the Magistrate Judge's determination that Petitioner's IAC claims do not entitle him to habeas relief, (Doc. 17 at 4), therefore this determination will be reviewed *de novo*.

#### 1. IAC Ground One: Failure to Argue State's Burden of Proof

First, Petitioner claims that his trial and appellate counsel neglected to argue that "the state failed to meet its burden of proof beyond a reasonable doubt of the predicate felony burglary with intent to steal drugs and/or money from the victim." (Doc. 1 at 6).

---

[1] The Superior Court adopted the State's Response as its reasoning behind its dismissal of Petitioner's habeas claims. Therefore, any references to the Superior Court's decision ultimately refer to the reasoning contained in that Response. (Doc. 13–4 at 283).

- 6 -

### a. Trial Counsel

In contrast to Petitioner's claims, his trial counsel specifically argued that the State had not met its burden of proof with regard to the burglary claim:

> I would also suggest to you that the evidence in this case does not establish what happened beyond a reasonable doubt. It clearly does not establish beyond a reasonable doubt that Reginald Mark Jeffrey committed any of the crimes charged. The judge told you that if you think there's any real possibility that this defendant is not guilty, then you must give him the benefit of the doubt. You must find him not guilty. Do that.

(Doc. 13–3 at 381).

Additionally, his trial counsel made a burden of proof argument in Petitioner's Motion for New Trial:

> In essence this jury was permitted to guess and speculate regarding some other 'uncharged' First Degree Burglary to use as a basis for supporting a conviction of felony murder as to Count 1. There was no evidence presented at trial of any felony, regarding which Defendant has been given notice to defend, that would support the jury's guilty verdict as to Count 1.

(Doc. 13–4 at 15).

Petitioner's contentions are belied by the record. Accordingly, Petitioner has not shown that "the trial court's decision denying this claim on post-conviction relief was contrary to, or an objectively unreasonable application of, *Strickland*, or that the decision was based on an unreasonable determination of the facts in light of the record before the trial court." *Steah v. Ryan*, No. CV–12–8224–PCT–JAT (LOA), 2015 WL 1349402, at *4 (D. Ariz. Mar. 25, 2015). Consequently, Petitioner has no valid IAC claim against trial counsel on these grounds.

### b. Appellate Counsel

Unlike trial counsel, Petitioner's appellate counsel did abstain from raising the burden of proof issue. (Doc. 13–4 at 103–33). Instead, counsel argued that the State failed to give Petitioner proper notice by indicting him with third-degree burglary (burglary inside a fenced area), rather than second-degree burglary (burglary inside a residential structure). (*Id.* at 122–23).

The Maricopa County Superior Court noted the Arizona Court of Appeals'

1  determination that substantial evidence showed that Petitioner "committed the burglary,
2  and the victim was killed in furtherance of that act." (*Id.* at 293). The Superior Court
3  went on to say that:

> [Petitioner] fails to explain precisely what appellate counsel could have argued that would have changed the outcome of the appeal. Counsel raised the issue of whether the trial court erred by not entering a judgment of acquittal on Count 1, which appears to cover . . . [Petitioner's] concerns. Counsel's performance was not deficient, nor was . . . [Petitioner] prejudiced by the issues counsel chose to raise.

(*Id.*).

The Superior Court applied the *Strickland* test to evaluate appellate counsel's performance. (*Id.*). Therefore, the decision was "not contrary to clearly established Federal law." Furthermore, the court's application of *Strickland* was not unreasonable. Petitioner bears the burden of pleading facts which show that appellate counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 697–99 (1984). The Superior Court determined that Petitioner did not plead sufficient facts to establish such a deficiency. (Doc. 13–4 at 293). Additionally, the Superior Court's determination that Petitioner did not demonstrate prejudice—because he failed to show how his desired argument would have produced a different outcome—properly applies the prejudice prong of *Strickland*. (*Id.*).

Finally, Petitioner makes no showing that the Superior Court's decision was based upon an unreasonable determination of the facts. Therefore, Petitioner has no valid IAC claim against appellate counsel on these grounds.

**2.  IAC Ground Two: Failure to Argue Lesser Included Offense**

Second, Petitioner argues that his trial counsel was ineffective by failing to request that the court "give[] [the] lessor included offense of 2nd degree murder" on the verdict form. (Doc. 1 at 17). Additionally, Petitioner claims that his appellate counsel erred in not arguing that the trial judge abused his discretion by failing to include second-degree murder on the verdict form. (*Id.*).

Under Arizona law felony murder has no lesser included offenses. *State v.*

- 8 -

1 *Bocharski*, 22 P.3d 43, 51 (Ariz. 2001) (*en banc*). Accordingly, it would have been futile
2 for either trial or appellate counsel to argue that second-degree murder should have been
3 included on the verdict form. Therefore, both trial and appellate counsel cannot be
4 considered deficient for failing to argue this point. *Rupe v. Wood*, 93 F.3d 1434, 1445
5 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient
6 performance . . . .").

7 Additionally, appellate counsel could not have raised the verdict form issue on
8 appeal. Trial counsel specifically requested that the verdict form not include any mention
9 of lesser included offenses. (Doc. 13−3 at 310). In Arizona, a party may not claim on
10 appeal an error that was invited by that party at trial. *State v. Logan*, 30 P.3d 631, 632
11 (Ariz. 2001) (*en banc*); *State v. Tassler*, 765 P.2d 1007, 1009 (Ariz. Ct. App. 1988)
12 ("One may not deliberately inject error in the record and then profit from it on appeal.").
13 Therefore, it would have been doubly-futile for appellate counsel to have raised this issue
14 on appeal.

15 Accordingly, because Petitioner's verdict from request was futile, and thus would
16 not have changed the outcome of the proceedings, he was not prejudiced by his counsels'
17 abstention from making these arguments.

18 Thus, Petitioner does not show how either his trial or appellate counsel's actions
19 were deficient or produced prejudice. Therefore, the Superior Court's determination that
20 Petitioner had no valid IAC claim on verdict form grounds cannot be considered contrary
21 to or an unreasonable application of clearly established federal law. Additionally,
22 Petitioner does not establish how the Superior Court's decision involved an unreasonable
23 determination of the facts. Therefore, because Petitioner fails to meet his burden, the
24 Superior Court's decision was not based upon an unreasonable determination of the facts.
25 As a result, Petitioner has no valid habeas claim on these grounds.

26 **III.  Evidentiary Hearing**

27 Petitioner objects to the Magistrate Judge's recommendation that no evidentiary
28 hearing is necessary. (Doc. 17 at 2). Petitioner is only due an evidentiary hearing if his

"allegations, if proved, would entitle him to relief." *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005) (internal quotation marks omitted) (quoting *Turner v. Marshall*, 63 F.3d 807, 815 (9th Cir. 1995)). Even on *de novo* review, Petitioner's IAC claims would not entitle him to relief. Therefore, Petitioner's request for an evidentiary hearing is denied.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation, (Doc. 16), is accepted; Petitioner's objections, (Doc. 17), are overruled.

**IT IS FURTHER ORDERED** that the Petition, (Doc. 1), is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing is denied.

**IT IS FINALLY ORDERED** that, consistent with the unobjected-to recommendation in the R&R, and in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because reasonable jurists could not debate whether Petitioner states a valid claim of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 14th day of July, 2015.

James A. Teilborg
Senior United States District Judge